# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MID AMERICA APARTMENT COMMUNITIES AAF POST RIVERSIDE, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:17-cv-04433-TWT-RGV |
| SUSAN DOUGLAS, | |
| Defendant. | |

## MAGISTRATE JUDGE'S FINAL REPORT, RECOMMENDATION, AND ORDER

This matter is before the Court on defendant Susan Douglas' ("Douglas") affidavit and application to proceed *in forma pauperis*, [Doc. 1],[1] and notice of removal and federal stay of dispossessory action, [Docs. 1-1 & 1-2]. From the documents before the Court, it appears that plaintiff Mid America Apartment Communities AAF Post Riverside *("plaintiff")* initially filed this action in the Magistrate Court of Fulton County, Georgia, against Douglas and all others, seeking a writ of possession, among other forms of relief. See [Doc. 1-1 at 3]. Douglas, proceeding without counsel, seeks to remove this dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1, 1-1, 1-2, & 1-3]. For the reasons that

---

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

follow, it is **RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Fulton County. For the purpose of remand only, Douglas' request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**.

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (alteration in original) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). When a notice of removal is filed, however, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action. Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1. "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter

jurisdiction." Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476-TWT, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar, 482 U.S. at 392). Under the well-pleaded complaint rule, the plaintiff is "the master of the claim; [it] may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482

U.S. at 392 (footnote omitted); Wilson, 2008 WL 544741, at *1 (citations omitted). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted). The burden is on Douglas as the removing party to show that the federal court has jurisdiction. Etowah Env't Grp., LLC v. Walsh, Civil Action No. 2:10-CV-180-RWS, 2011 WL 1060600, at *3 (N.D. Ga. Mar. 21, 2011) (citing Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)).

Douglas' attempt to remove this action is deficient in several respects. First, it appears from the documents filed with the notice of removal that plaintiff brought a dispossessory action in the Magistrate Court of Fulton County, Georgia, and there is no indication from the documents submitted by Douglas for this Court's consideration that plaintiff has raised any federal claim in the dispossessory action. However, Douglas appears to allege that removal is proper on the basis of federal question jurisdiction.[2] See [Doc. 1-1 at 1; Doc. 1-2 at 1, 3]. In particular, Douglas

---

[2] Douglas does not assert that the parties are diverse, see generally [Docs. 1-1, 1-2, & 1-3], and even if she had, diversity jurisdiction would be improper. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (alteration in original) (footnote omitted) (quoting 28 U.S.C. § 1332 (a)(1)). "Under [28 U.S.C.] § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the

asserts that plaintiff violated "12 USC 2605(A), [] the Fourteenth Amendment of the U.S. Constitution," and "FDCP Regulations." [Doc. 1-1 at 1; Doc. 1-2 at 1, 3].[3]

---

plaintiff resides," however, "[t]he removal statute does not provide an in-state defendant the same flexibility in removing cases." Fed. Nat'l Mortg. Ass'n v. Avendano, Civil Action File No. 1:10-CV-3391-TWT-AJB, 2010 WL 4963027, at *3 (N.D. Ga. Oct. 28, 2010), adopted by 2010 WL 4963024, at *1 (N.D. Ga. Nov. 30, 2010) (citing Lincoln Prop. Co., 546 U.S. at 89-90). Indeed, "[28 U.S.C.] § 1441(b) bars removal on the basis of diversity if the defendant is a citizen of the [s]tate in which the action is brought." Id. (citations and internal marks omitted). Therefore, even if Douglas had properly asserted diversity jurisdiction as a basis for removal, "§ 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because [Douglas is a] citizen[] of the [s]tate of Georgia . . . ." Avendano, 2010 WL 4963027, at *4 (citations omitted); see also Bregman v. Alderman, 955 F.2d 660, 663 (11th Cir. 1992) (per curiam) (citation omitted); [Doc. 1 at 5; Doc. 1-1 at 2; Doc. 1-2 at 2-3; Doc. 1-3 at 1].

[3] The Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 et seq., applies only to "debt collectors," which are defined by the act as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . another." 15 U.S.C. § 1692a(6). Plaintiff is alleged only to have brought a dispossessory action, however, not to have engaged in any debt collection activity governed by the FDCPA. See generally [Docs. 1-1 & 1-2]. Section 2605 of the Real Estate Settlement Procedures Act, codified at 12 U.S.C. § 2601 et. seq., "governs the 'servicing of mortgage loans and administration of escrow accounts.'" Hudgins v. Seterus, Inc., 192 F. Supp. 3d 1343, 1347 (S.D. Fla. 2016). Douglas alleges that plaintiff violated § 2605(a) of RESPA, see [Doc. 1-1 at 1; Doc. 1-2 at 3], which "requires lenders to 'disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding,'" Owens-Benniefield v. Nationstar Mortg. LLC, Case No.: 8:17-cv-540-T-33TGW, 2017 WL 3149429, at *4 (M.D. Fla. July 25, 2017) (quoting 12 U.S.C. § 2605(a)). Douglas has not alleged that plaintiff is a lender and thus governed by this section of RESPA. In addition, Douglas claims that plaintiff has violated O.C.G.A. §§ 9-2-20, 9-11-17(a), and 9-11-19 by failing to join parties. [Doc. 1-2 at 1]. However, these are state statutes, which cannot form the basis of federal question jurisdiction.

5

Douglas' reliance on these laws appears to be a defense to the underlying state-court dispossessory action, but "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted); see also Gumbs, 2007 WL 3491744, at *4; Wilson, 2008 WL 544741, at *2 (quoting Caterpillar, 482 U.S. at 393). Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense." Dhinoja, 705 F. Supp. 2d at 1381 (citation and internal mark omitted). Alternatively, if Douglas relies on federal law in support of a counterclaim rather than a defense, it is well-settled that a counterclaim cannot serve as the basis for federal question jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (citations omitted). Douglas' allegations are thus insufficient to establish that the Court has subject matter jurisdiction in this case. See Diamond, 2006 WL 839405, at *2.

In short, plaintiff cannot be subjected to federal jurisdiction in this action since the record before the Court indicates that the dispossessory action it filed in the Magistrate Court of Fulton County, Georgia, is exclusively a matter of state law. Caterpillar, 482 U.S. at 392; Wilson, 2008 WL 544741, at *1. Accordingly, the Court does not have federal question jurisdiction over this action and is, therefore, without subject matter jurisdiction. See Dhinoja, 705 F. Supp. 2d at 1381 (remanding case

where "the dispossessory claim that forms the basis of this action is exclusively a matter of state law"); see also Finvest Roxboro, LLC v. Bozick, Civil Action File No. 1:13–CV–3678–TWT, 2013 WL 6795232, at *1-3 (N.D. Ga. Dec. 20, 2013), adopted at *1; HSBC Mortg. Servs., Inc. v. Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007) (granting remand where no federal question is present on the face of plaintiff's complaint and the requirements for diversity jurisdiction are not satisfied in dispossessory action).

For the foregoing reasons, it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County. For the purpose of remand only, Douglas' request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED AND RECOMMENDED**, this 8th day of November, 2017.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE